**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| ESTHER NEWBERRY AND SAM M. NEWBERRY, | § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. 5:26-cv-00087 |
| vs. | § § | |
| ALLSTATE INDEMNITY COMPANY, | § § § | **JURY DEMANDED** |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Esther Newberry and Sam M. Newberry, Plaintiffs herein, file this Original Complaint against Defendant Allstate Indemnity Company and, in support of their causes of action, would respectfully show the Court the following:

**I.
THE PARTIES**

1.      Esther Newberry and Sam M. Newberry (hereinafter referred to as "Newberry") are citizens of the State of Texas residing in Lubbock, Texas as their true, fixed, and permanent home. They own the property at issue locate at 2111 35th St., Lubbock, Texas 79412.

2.      Defendant Allstate Indemnity Company (hereinafter referred to as "Allstate"), was, and is at the date of this filing, a corporation incorporated in the state of Illinois with its principal place of business located at 3100 Sanders Rd., Suite 201, Northbrook, Illinois 60062. Allstate, therefore, is not a citizen of the state of Texas for diversity purposes. Allstate may be served via certified mail return receipt requested via its registered agent for service in the state of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

**II.
JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332. Plaintiffs' true, fixed, and permanent home is in Lubbock County, Texas and the subject property is in Lubbock County, Texas. Plaintiffs are citizens of Texas. Defendant is a corporation incorporated in Illinois and has its principal place of business in Illinois and is, thus, a citizen of Illinois. Therefore, as Plaintiffs are citizens of Texas, and Defendant is a citizen of Illinois, complete diversity exists. Further, Plaintiffs allege Defendant knowingly committed the acts complained of herein. As such, Plaintiff is entitled to extra-contractual damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b). The mount in controversy including contract damages, damages for prompt payment penalties, damages for extra-contractual violations and attorney's fees exceeds $75,000.

4.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas, Lubbock Division. The property at issue in this cause is in the Northern District of Texas, Lubbock Division.

### III.
### FACTUAL BACKGROUND

5.      Newberry is a named insured under an insurance policy issued by Allstate identified as Policy 838 462 182 ("Policy"). At all times relevant to this suit, Newberry was the owner of the property located at 2111 35th St., Lubbock, Texas 79412 ("Property") and a named insured under the Policy.

6.      The Property sustained a significant hail and wind event on May 11, 2024,[1] or at all times during the Policy period, causing extensive damage to the roofing system and exterior of

---

[1] Allstate erroneously identified the date of loss as being June 10, 2024.

the Property. Objective meteorological data confirms hail exceeding 1.25 inches impacted the Property on the date of loss. The photographs below contain a representative sampling of the documented and obvious widespread damage to the Property from the covered perils of hail and wind from the storm:







7.      Newberry reported this storm and the damage it caused to the Property to Allstate. Allstate acknowledged receipt of the claim and commenced its investigation.

8.      Allstate assigned Lance Howard ("Howard") to adjust the claim and, upon information and belief, also sent an unidentified representative to inspect the Property. Allstate has never clearly identified all individuals who participated in the inspection or explained their respective qualifications, roles, or scope of authority. Regardless, the inspection performed on Allstate's behalf was woefully insufficient and fell well below industry standards for a hail and wind loss of this magnitude.

9.      The individual(s) conducting the inspection spent an inadequate amount of time evaluating the Property, failed to perform essential testing for wind and hail damage, reviewed no meaningful weather data, did not consult or retain an engineer or other qualified expert, and failed to thoroughly inspect or properly scope the roofing system and exterior components. The inspection appeared outcome-oriented and designed to minimize or disregard obvious storm-related damage rather than to fairly and objectively assess the loss. As a result, Allstate's investigation was neither thorough nor reasonable and failed to account for the plainly visible hail and wind damage present at the Property.

10.     Upon realizing the vast inadequacies of Allstate's claim investigation, Newberry retained AMF Claims Consultants ("AMF"), a licensed Texas public adjusting firm, to begin working with Allstate to reach a satisfactory resolution of the claim. On September 10, 2025, AMF submitted a detailed estimate showing the total replacement cost value of the damages from the May 11, 2024 storm amounted to **$28,297.56**. AMF's estimate was accompanied by 79 photographs documenting the damages. AMF, additionally, asked that Allstate reinspect the Property to address the previously missed damages.

11.     On September 19, 2025, Newberry completed a Sworn Statement in Proof of Loss (Partial) showing that, after application of the deductible, Newberry's Dwelling damages amounted to $27,297.56.

12.     Allstate's handling of Newberry's claim is further tainted by its shifting, inconsistent, and self-contradictory explanations for denying coverage. Initially, Howard asserted that there were "no coverable damages observed upon initial inspection" and further claimed that any damage present was the result of storms occurring *after* the reported date of loss, characterizing such damage as a "separate occurrence" requiring a new claim. This position implicitly acknowledged that storm-related damage existed at the Property, but improperly attempted to attribute it to a later event without any supporting investigation or evidence. On November 10, 2025, Howard sent correspondence denying the claim in its entirety.

13.     After AMF challenged Allstate's position and requested reconsideration, Howard reversed course and claimed—without additional inspection, analysis, or documentation—that the very same damages now allegedly *pre-dated* the reported storm by as much as two years. These mutually exclusive explanations cannot both be true, and the contradictions demonstrate that Allstate did not have a good-faith, evidence-based basis for denial at any point during its handling of the claim. Rather than conducting a reasonable investigation to determine the true cause and timing of the damage, Allstate simply altered its rationale when its prior explanation was shown to be untenable. This pattern of post-hoc justification further evidences Allstate's failure to conduct a reasonable investigation and its intent to deny the claim regardless of the facts.

14.     Although Allstate and Howard were aware of Newberry's clear and present hail and wind damage and the reported damage was covered by the Policy, they decided the claim should be improperly denied without conducting a thorough and reasonable inspection of the

damages. The adjusters' flawed and inadequate investigation of the claim was relied upon by Allstate in this action and resulted in Newberry's claim being improperly undervalued, underscoped, and underpaid. After requesting Allstate reconsider its improper investigation and denial and consider photographs of hail damage and a line-by-line estimate from a licensed public adjuster, Allstate simply reconfirmed its prior findings, conveniently determining a significant portion of the obvious damage to the Property was not caused by wind or hail. Again, this meant Newberry would receive zero payment to perform the necessary repairs to the Property.

15.    Allstate, along with its personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Howard, ultimately approving an improper adjustment of and an inadequate and improper estimate of Newberry's claim. Allstate misrepresented the majority of Newberry's damages were not covered when the losses in fact were clearly covered causes of loss during the Policy's period. Specifically, Allstate represented to Newberry no portion of the damage in excess of the Policy's deductible was caused by a covered cause of loss within the Policy period without any investigation when, in fact, Allstate and Howard knew, or with a reasonable investigation should have known, that the cost of repairs for all the damages in excess of the Policy's deductible was a clear covered loss.

16.    Together, Allstate and Howard set out to deny properly covered damages. Because of this unreasonable investigation and failure to provide proper coverage for the damages sustained, Newberry's claim was improperly adjusted, and Newberry was denied adequate payment to repair the Property. To this date, Newberry has yet to receive any payment under the insurance Policy, despite having duly paid the insurance premium in full at the beginning of the Policy period.

**IV.**
**CAUSES OF ACTION**

17.    Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract**

18.    Allstate had a contract of insurance with Plaintiffs. Allstate breached the terms of that contract by wrongfully denying the claim, and Plaintiffs were damaged thereby.

**B.    Prompt Payment of Claims Statute**

19.    The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

20.    Plaintiffs, therefore, in addition to Plaintiffs' claim for damages, are entitled to statutory interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.    Bad Faith/Deceptive Trade Practices Act ("DTPA")**

21.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22.    Defendant violated Section 541.051 of the Texas Insurance Code by:

   (1)    making statements misrepresenting the terms and/or benefits of the Policy. As referenced above, Allstate mispresented coverage for hail and wind damage to the Property during the Policy period was not a covered cause of loss and misrepresented to Newberry the coverage's terms.

23.    Defendant violated Section 541.060 by:

   (1)    misrepresenting to Plaintiffs a material fact or Policy provision relating to coverage at issue;

   (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

8

(3) failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. As referenced above, Allstate failed to meet its statutory timelines governed by the Texas Insurance Code, failed to respond to multiple requests for information, failed to disclose information it relied on in its investigation, failed to conduct testing of the damage, and failed to allocate damage occurring during the Policy period.

24. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. As referenced herein, Defendant misrepresented hail and wind damage that occurred during the Policy was not a covered loss and failed to provide requested information used to render its claim decision.

25. At all material times hereto, Plaintiffs were a consumer who purchased insurance products and services from Defendant.

26.    Defendant has violated the Texas DTPA in the following respects:

(1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

27.    Defendant knowingly committed the acts complained of herein. As such, Plaintiffs is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Breach of the Duty of Good Faith and Fair Dealing**

28.    Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs.

29.     Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## V.
## KNOWLEDGE

30.     Each of the acts described above, together, and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

### E.    Attorneys' Fees

31.     Plaintiffs engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32.     Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33.     Plaintiffs further pray that Plaintiffs be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiffs' causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

34.     All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## VII.
## JURY DEMAND AND PRAYER

35.     Plaintiffs request that a jury be convened to try the factual issues of this case.

36.     WHEREFORE, PREMISES CONSIDERED, Esther Newberry and Sam M. Newberry pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Esther Newberry and Sam M. Newberry be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Esther Newberry and Sam M. Newberry may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Christopher P. Peirce*
Jeffrey T. Embry
Bar Number: 24002052
Margaret C. Pennell
Bar Number: 24116893
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No.  903-526-1772
Telecopier No.  903-526-1773
jeff@hossleyembry.com
meg@hossleyembry.com

AND

Christopher P. Peirce
Bar Number: 24041509
Hossley Embry, LLP
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254
Telephone No. 214-390-2349
cpeirce@hossleyembry.com

**ATTORNEYS FOR PLAINTIFFS**